IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARTIN FREDRICK HALM, | ) |
| Plaintiff, | ) |
| -vs- | ) Civil Action No. 20-82 |
| KILOLO KIJAKAZI,[1] COMMISSIONER OF SOCIAL SECURITY, | ) |
| Defendant. | ) |

AMBROSE, Senior District Judge

# OPINION

Pending before the Court are Cross-Motions for Summary Judgment. (ECF Nos. 14 and 18). Both parties have filed Briefs in Support of their Motions. (ECF Nos. 15 and 19). After careful consideration of the submissions of the parties, and based on my opinion set forth below, I am denying Plaintiff's Motion (ECF No. 14) and granting Defendant's Motion for Summary Judgment. (ECF No. 18).

## I. BACKGROUND

Plaintiff brought this action for review of the final decision of the Commissioner of Social Security denying his application for disability insurance benefits pursuant to the Social Security Act. Plaintiff filed his application on July 9, 2017. Administrative Law Judge ("ALJ"), Daniel F. Cusick, held a hearing on August 24, 2016. (ECF No. 12-2, pp. 34-80). On February 8, 2019, the ALJ found that Plaintiff was not disabled under the Act. (ECF No. 12-2, pp. 16-29).

After exhausting all administrative remedies, Plaintiff filed the instant action with this court. The parties have filed Cross-Motions for Summary Judgment. (ECF Nos. 14 and 18). The issues are now ripe for review.

---

[1] Kilolo Kijakazi became Acting Commissioner of Social Security on July 9, 2021, replacing Andrew Saul.

## II. LEGAL ANALYSIS

### A. Standard of Review

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Additionally, the Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. *Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998). Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. *See,* 5 U.S.C. §706.

To be eligible for social security benefits, the plaintiff must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. §423(d)(1)(A); *Brewster v. Heckler,* 786 F.2d 581, 583 (3d Cir. 1986).

The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant. 20 C.F.R. §404.1520(a). The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment,

2

whether it meets or equals the criteria listed in 20 C.F.R., pt. 404, subpt. P., appx. 1; (4) if the impairment does not satisfy one of the impairment listings, whether the claimant's impairments prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity. 20 C.F.R. §404.1520. The claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment (steps 1-4). *Dobrowolsky*, 606 F.2d at 406. Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5). *Id.*

A district court, after reviewing the entire record may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing. *Podedworny v. Harris,* 745 F.2d 210, 221 (3d Cir. 1984).

### B. Residual Functional Capacity (RFC)[2]

Plaintiff argues that the ALJ's RFC determination is not supported by substantial evidence because he failed to properly weigh the opinion of consultative examiner Renato Ramirez, M.D. (ECF No. 15, pp. 10-14). Specifically, Plaintiff suggests that the ALJ made two errors: 1) the ALJ failed to explain how evidence factored into his determination of the weight afforded to Dr. Ramirez's opinion; and 2) the ALJ erred by first assessing the RFC and then comparing the RFC to the medical opinions as opposed to assessing the medical opinions to determine the RFC. *Id.* After a review of the record, I disagree.

---

[2] RFC refers to the most a claimant can still do despite his/her limitations. 20 C.F.R. §§ 404.1545(a), 416.945(a). The assessment must be based upon all of the relevant evidence, including the medical records, medical source opinions, and the individual's subjective allegations and description of his own limitations. 20 C.F.R. § 416.945(a). In this case, the ALJ found Plaintiff had the RFC to perform medium work, with certain exceptions. (ECF No. 12-2, p. 21).

3

For claims filed on or after March 27, 2017, the regulations governing the types of opinions considered and the approach to evaluation of opinions by ALJs were amended and the treating physician rule was eliminated. 20 C.F.R. §§404.1520c; 416.920c. Under the new broadened regulations, an ALJ "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical findings(s), including those from [a] medical source." *Id.* at §§404.1520c(a); 416.920c(a). For such claims, an ALJ now is required to articulate how persuasive he/she finds the medical opinions and prior administrative findings. *Id.* at §§404.1520c(b); 416.920c(b). In so doing, the ALJ shall consider the following factors: 1) Supportability; 2) Consistency; 3) Relationship with the claimant; 4) Specialization; and 5) Other factors such as familiarity with other evidence in the claim or an understanding of disability policies and evidentiary requirements, as well as whether new evidence received after the opinion makes the opinion more or less persuasive. *Id.* at §§404.1520c(c); 416.920c(c). "The most important factors" are supportability[3] and consistency.[4] *Id.* at §§404.1520c(a); 416.920c(a). Therefore, the ALJ must explain how he/she considered the supportability and consistency of an opinion but the ALJ is not required to discuss or explain how he/she considered the other factors. *Id.* at §§404.1520c(b)(2); 416.920c(b)(2). When opinions are equally supported and consistent with the record on the same issue but not exactly the same, however, the ALJ must explain how he/she considered the other factors. *Id.* at §§404.1520c(b)(3); 416.920c(b)(3).

---

[3]With regard to supportability, the regulations provides: "[t]he more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be." *Id.* at §§404.1520c(c)(1); 416.920c(c)(1).

[4]With regard to consistency, the regulations provide: "The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be." *Id.* at §§404.1520c(c)(2); 416.920c(c)(2).

Additionally, when a medical source provides multiple opinions, an ALJ is not required to articulate how he/she considered each opinion but may consider it in one single analysis using the factors above.  *Id.* at §§404.1520c(b)(1); 416.920c(b)(1).  Moreover, an ALJ is not required to articulate how he/she considered evidence from nonmedical sources.  *Id.* at §§404.1520c(d); 416.920c(d).

Plaintiff first argues that the ALJ "failed to provide any rationale to support his conclusion that Dr. Ramirez's opinion relied on Plaintiff's subjective complaints," thus denying meaningful review. (ECF No. 15, p. 12).   A review of the record, however, reveals otherwise.   On this point, the ALJ stated that "[t]he assessment appears to be uncritically utilizing what the claimant reported without reliance on objective signs and findings."  (ECF No. 12-2, p. 26).   While Dr. Ramirez did perform an examination, she also appears to use Plaintiff's complaints as Dr. Ramirez's review of the medical evidence consisted of Plaintiff's recitation, his SSA Adult Function Report and Supplemental Questionnaire completed by Plaintiff, and progress notes from Dr. Milliard, but only from March 9, 2017.   (ECF No. 12-7, p. 73).   Moreover, contrary to Plaintiff's assertions, the ALJ specifically details the examination results from Dr. Ramirez (as well as all of the other medical evidence). (ECF No. 12-2, p. 23).   Based on the same, I find this explanation from the ALJ to be adequate.

Plaintiff next argues that Dr. Ramirez's opinion is consistent with and supported by other evidence in the record.   (ECF No. 15, pp. 13-14).   To be clear, the standard is not whether there is evidence to establish Plaintiff's position.  *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989).

> [The] question is not whether substantial evidence supports Plaintiff's claims, or whether there is evidence that is inconsistent with the ALJ's finding…. Substantial evidence could support both Plaintiff's claims and the ALJ's findings because substantial evidence is less than a preponderance. *Jesurum v. Sec'y of U.S. Dep't of Health & Human Services,* 48 F.3d 114, 117 (3d Cir. 1995) (*citing Richardson v. Perales*, 402 U.S. 389, 401 (1971).   If substantial evidence

> supports the ALJ's finding, it does not matter if substantial evidence also supports Plaintiff's claims. *Reefer v. Barnhart,* 326 F.3d 376, 379 (3d Cir. 2003).

*Weidow v. Colvin,* Civ. No. 15-765, 2016 WL 5871164 at *18 (M.D. Pa. Oct. 7, 2016). Thus, the question before me is whether substantial evidence supports the ALJ's findings. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Therefore, Plaintiff's argument in this regard is misplaced.

Finally, Plaintiff argues that the ALJ erred when he "rejected the medical opinion because it was 'inconsistent with the medium residual functional capacity assessed herein.'" (ECF No. 15, p. 14). Plaintiff suggests that this reasoning is backward: "The ALJ is required to consider the medical opinion when assessing [an] RFC, not assess an RFC and compare the medical opinions to his own conclusions." *Id.* As to this point, the ALJ stated "[a]dditionally, Dr. Ramirez's lifting and walking/standing requirements are inconsistent with the medium residual functional capacity assessed herein." (ECF No. 12-2, p. 26). This, however, was not the only reason the ALJ found Dr. Ramirez's opinion inconsistent. *Id.* The ALJ found, *inter alia,* that it was not consistent with the medical evidence of record. *Id.* Reading the ALJ's opinion holistically, I find the ALJ adequately explained the medical record and the rationale for his opinion and that it was supported by substantial evidence. Therefore, I find remand on this basis is not warranted.

### C. Severe Impairment

Plaintiff further asserts the ALJ erred in failing to find his neck, ankle, and right shoulder pain severe. (ECF No. 15, pp. 15-16). At step 2 of the analysis, an ALJ must determine whether the claimant has a medically determinable impairment that is severe or a combination of impairments that is severe. 20 C.F.R. §416.1420(a). The mere existence of a diagnosis or an abnormal reading does not equate to a severe impairment. *Phillips v. Barnhart,* 91 Fed. Appx. 775, 780 (3d Cir. March 10, 2004). To be clear, the question of severity relies not on the

6

particular condition, but on the limitations stemming from that condition. *Id.* An impairment is not severe if it does not significantly limit the physical or mental ability to do basic work activities and/or does not last or is not expected to last for a continuous period of at least 12 months. 20 C.F.R. §416.920(c), §416.921(a); §416.909, 42 U.S.C. §423(d). If a claimant is found to have a severe impairment, then the ALJ proceeds to the next step. 20 C.F.R. §416.920(a).

Plaintiff suggests that the ALJ failed to mention probative evidence and completely disregarded his neck, ankle, and right shoulder pain. (ECF No. 15, pp. 15-16). A review of the case reveals that such is not the case. The ALJ specifically referenced and considered Plaintiff's neck, ankle, and right shoulder pain in his severe impairment analysis. (ECF No. 12-2, pp. 18-19). He found the same to be non-severe. *Id.* As to the Plaintiff's alleged neck and extremity pain, the ALJ "adequately accounted for [them] in the residual functional capacity below." *Id.* at p. 19. Thus, the ALJ did not ignore or fail to discuss the same.

In addition, the ALJ found that Plaintiff has the following severe impairments: degenerative disc disease of the lumbar spine, encephalomalacia of the frontal lobes due to traumatic brain injury, obesity, depression, and anxiety. (ECF No. 12-2, p. 18). So, the ALJ proceeded to the next steps. (ECF No. 9-2, pp. 18-22). Thus, Plaintiff was not denied benefits at step 2. Rather, the ALJ proceeded beyond step 2. In so doing, the ALJ acknowledged that in making the RFC determination he considered all impairments. (ECF No. 12-2, p. 17-18). The ALJ then proceeded to consider the Plaintiff's severe and non-severe impairments (including Plaintiff's neck, ankle, and right shoulder pain) in the evaluation process and in determining Plaintiff's RCF. (ECF No. 12-2, pp. 16-29). Therefore, I find any purported error was harmless such that a remand on this basis is not warranted. *Salles v. Commissioner of Social Sec.,* 229 Fed.Appx. 140, 144-145, n. 2, 2007 WL 1827129 (3d Cir. 2007); *Sheeler v. Astrue*, No. 08-64J,

2009 WL 789892, 4 -5 (W.D.Pa. March 24, 2009); *Hanke v. Astrue, No. 12-2364,* 2012 WL 6644201, *4 (7th Cir. Dec. 21, 2012).[5]

      An appropriate order shall follow.

---

[5]Furthermore, I note that just because an impairment is found to be severe, or in this case non-severe, does not mean necessarily that it erodes a plaintiff's RFC. *Franklin v. Astrue*, No. 10-CV-02532-PAB, Civ No. 10-cv-2532, 2012 WL 1059995, at *3 (D. Colo. Mar. 28, 2012) ("Simply because plaintiff established a 'severe impairment' which only 'requires a de minimis showing of impairment,' does not necessarily require that the ALJ conclude that the impairment materially erodes plaintiff's RFC.").

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARTIN FREDRICK HALM, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| -vs- ) | Civil Action No.  20-82 |
| ) | |
| KILOLO KIJAKAZI,[6] ) | |
| COMMISSIONER OF SOCIAL SECURITY, ) | |
| ) | |
| Defendant. ) | |

AMBROSE, Senior District Judge

## ORDER OF COURT

THEREFORE, this 19th day of July, 2021, it is ordered that Plaintiff's Motion for Summary Judgment (ECF No. 14) is denied and Defendant's Motion for Summary Judgment (ECF No. 18) is granted.

BY THE COURT:

*Donetta F. Ambrose*

Donetta W. Ambrose
United States Senior District Judge

---

[6] Kilolo Kijakazi became Acting Commissioner of Social Security on July 9, 2021, replacing Andrew Saul.